

FILED

APR 16 2014

Carmelita Reeder Shinn
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKL
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CR 14-123 C |
| vs. | ) | Case No. _____ |
| | ) | |
| PAULA KLUDING, | ) | Violations: 18 U.S.C. § 371 |
| PRAIRIE VIEW HOSPICE, INC., and | ) | 18 U.S.C. § 1516 |
| PATRICIA CARTER, | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1035 |
| Defendants. | ) | 18 U.S.C. § 981(a)(1)(c) |
| | ) | 18 U.S.C. § 982(a)(7) |
| | ) | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Federal Grand Jury charges:

### INTRODUCTION

At all times relevant to this Indictment:

### The Defendants

1.  Defendant **PRAIRIE VIEW HOSPICE, INC.** ("**PRAIRIE VIEW HOSPICE**") was an Oklahoma corporation located at 1206 Manvel Avenue, Chandler, Oklahoma. **PRAIRIE VIEW HOSPICE** was in business to provide hospice care to Medicare beneficiaries. Hospice care consists of health care, medication, certain medical equipment, and other goods and services provided to terminally ill patients.

2.  Defendant **PAULA KLUDING** owned **PRAIRIE VIEW HOSPICE**.

3.      Defendant **PATRICIA CARTER** was the general manager of **PRAIRIE VIEW HOSPICE**.

### The Medicare Program

4.      The Medicare Program ("Medicare") is a federal program that provides health care benefits to certain individuals, primarily those who are over the age of 65, the blind, and the disabled. Individuals who qualify for Medicare benefits are referred to as Medicare "beneficiaries." Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

5.      Physicians, nurses, and other health care providers, including hospice care agencies, that treat Medicare beneficiaries are referred to as Medicare "providers." In order to participate in the Medicare program, providers are required to submit an application. In this application, the provider certifies that it will comply with all Medicare-related laws and regulations, including those that require submission of truthful and accurate claims for reimbursement.

6.      Medicare-approved health care providers are permitted to submit claims to Medicare to obtain cost reimbursement for health care goods and services rendered to beneficiaries. Providers must follow Medicare's billing requirements, which include the obligation not to make false statements or misrepresentations of material facts concerning requests for payment.

7. Under Medicare regulations, Medicare will pay for a beneficiary's hospice care when a medical doctor has certified that the beneficiary is terminally ill, meaning that the medical prognosis of the individual's life expectancy is six months or less if the illness runs its normal course. Medicare will pay for a beneficiary's hospice care exceeding six months if appropriate health care providers certify that hospice care remains medically appropriate for that patient.

8. **PRAIRIE VIEW HOSPICE** was a Medicare-approved provider of hospice care.

9. Palmetto Government Benefits Administrators ("Palmetto") is an administrative contractor for CMS. Palmetto oversees Medicare benefits in 45 states, including Oklahoma. Palmetto's services include the processing and payment of Medicare claims submitted by hospice care agencies. Palmetto also investigates Medicare abuse and fraud by hospice care agencies.

### Medicare Medical Review

10. In or around July 2010, Palmetto placed **PRAIRIE VIEW HOSPICE** and its beneficiaries on a pre-payment Medicare Medical Review. Medicare Medical Review is an audit of a provider's Medicare claims to determine whether the provider's claims are truthful and whether the services provided to beneficiaries are medically reasonable and necessary and appropriately rendered. Palmetto selects a provider for Medicare Medical Review when it detects atypical or suspicious billing patterns. Palmetto notifies the provider that a Medicare Medical Review is being conducted and requests documentation, such as patient medical records and treatment

3

notes, to support the provider's billing of goods and services for particular beneficiaries. Under a "pre-payment" Medicare Medical Review, a provider must submit acceptable supporting documentation to Palmetto before Medicare will pay the provider's claims for reimbursement.

### Medicare "Face-To-Face Visit" Requirement

11. On January 1, 2011, a new Medicare regulation became effective that required all hospice patients to have face-to-face visits with a physician or a certified nurse practitioner at regular intervals throughout their care. The purpose of the face-to-face visit was for the physician or certified nurse practitioner to evaluate and document whether the beneficiary remained medically eligible for hospice care.

### COUNT 1

12. The Federal Grand Jury realleges and incorporates by reference paragraphs 1 through 11 as though fully set forth herein.

13. From in or around July 2010, and continuing through in or around July 2013, in the Western District of Oklahoma, the Defendants,

------------------------------------ **PAULA KLUDING,**
**PRAIRIE VIEW HOSPICE, INC., and**
**PATRICIA CARTER,** ------------------------------------

knowingly, intentionally, and with interdependence, combined, conspired, and agreed with each other and others known and unknown to the Federal Grand Jury to commit the offenses of obstruction of a federal audit, in violation of Title 18, United States Code, Section 1516, and making false statements relating to health care matters, in violation of Title 18, United States Code, Section 1035.

## The Objects of the Conspiracy

14. The objects of the conspiracy were: (a) to conceal from Palmetto the true medical condition of **PRAIRIE VIEW HOSPICE**'s beneficiaries, (b) to conceal from Palmetto the true quality and quantity of health care services that **PRAIRIE VIEW HOSPICE**'s beneficiaries were receiving, (c) to "pass" Palmetto's Medicare Medical Review, and (d) to fraudulently obtain money from Medicare, all by creating false, fictitious, and fraudulent patient treatment documents, maintaining such documents in the patient files of **PRAIRIE VIEW HOSPICE**'s beneficiaries, and submitting such documents to Palmetto.

## Manner and Means of the Conspiracy

15. The manner and means by which the Defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

16. In or about January 2011, **KLUDING** hired a certified nurse practitioner for **PRAIRIE VIEW HOSPICE**. **KLUDING** and **CARTER** directed the certified nurse practitioner to complete, sign, and/or back-date "Face to Face Encounter" forms to make it appear that the certified nurse practitioner had conducted face-to-face visits with certain hospice beneficiaries at the required intervals, when she had not, in fact, conducted such visits.

17. **KLUDING** also directed the certified nurse practitioner to sign multiple "Comprehensive Hospice Assessment" forms and "Functional Assessment

Staging" forms in blank and without visiting the hospice beneficiaries. These forms were later completed by other, less qualified **PRAIRIE VIEW HOSPICE** employees.

18. **KLUDING** also directed the certified nurse practitioner to complete "Patient Information" forms for beneficiaries she had not actually visited.

19. In or about January 2011, **KLUDING** hired a registered nurse for **PRAIRIE VIEW HOSPICE**. **KLUDING** directed the registered nurse to complete "Skilled Nurse Notes" to make it appear that the registered nurse had visited certain hospice beneficiaries on certain dates when, in fact, the registered nurse had not visited the hospice beneficiaries. **KLUDING** directed the registered nurse to write some Skilled Nurse Notes to make it appear that the hospice beneficiary's health was in decline when it was not, in order to justify to Medicare the beneficiary's continued hospice care. **KLUDING** dictated to the registered nurse what to write on the Skilled Nurse Notes, including the date and time of the nurse visit and what verbiage to include regarding the beneficiary's medical condition. In certain instances, **KLUDING** removed from the patient file the original, authentic Skilled Nurse Notes of the nurse who had actually visited the beneficiary, destroyed them, and replaced them with the falsified Notes.

20. **CARTER** was present when **KLUDING** directed the registered nurse to falsify Skilled Nurse Notes, and **CARTER** directed the registered nurse regarding when she needed to return each patient file for the Medicare Medical Review.

21. **KLUDING** directed the registered nurse to complete and/or sign Comprehensive Hospice Assessment forms, Functional Assessment Staging forms,

"Hospice Recertification" forms, and "Physician Communication" forms for hospice beneficiaries she had not actually visited.

22.   **CARTER** reviewed the falsified medical documents created by the certified nurse practitioner, the registered nurse, and others and placed them in **PRAIRIE VIEW HOSPICE**'s patient files.  **CARTER** directed a **PRAIRIE VIEW HOSPICE** employee to alter **PRAIRIE VIEW HOSPICE** computer records to add the names of the nurses who had provided the falsified documents and/or to remove the names of the nurses who had written the original, authentic documents.

23.   **KLUDING** sent falsified Face to Face Encounter forms, Comprehensive Assessment forms, Functional Assessment Staging forms, Skilled Nurse Notes, Patient Information forms, Hospice Recertification forms, and Physician Communication forms to Palmetto in order to satisfy the documentation requirements of the Medicare Medical Review of **PRAIRIE VIEW HOSPICE**.

### Overt Acts

24.   In order to effect the object of the conspiracy, Defendants committed overt acts; specifically, Defendants directed the certified nurse practitioner and registered nurse to create the following false, fictitious, and fraudulent patient treatment documents, which Defendants maintained in the patient files of **PRAIRIE VIEW HOSPICE**'s beneficiaries:

| Patient | Purported Date of Service | False Document |
|---------|---------------------------|----------------|
| F.Ba.   | 5/12/11                   | Face to Face Encounter |

7

| | | |
|---|---|---|
| F.Ba. | 5/12/11 | Comprehensive Hospice Assessment |
| F.Be. | 3/3/11 | Skilled Nurse Note |
| F.Be. | 3/17/11 | Skilled Nurse Note |
| F.Be. | 3/28/11 | Skilled Nurse Note |
| A.Br. | 5/18/11 | Face to Face Encounter |
| A.Br. | 5/18/11 | Comprehensive Hospice Assessment |
| C.Bu. | 6/1/11 | Face to Face Encounter |
| C.Bu. | 8/1/11 | Face to Face Encounter |
| E.G. | 1/26/11 | Comprehensive Hospice Assessment |
| E.G. | 6/3/11 | Face to Face Encounter |
| E.G. | 6/3/11 | Comprehensive Hospice Assessment |
| E.G. | 8/12/11 | Face to Face Encounter |
| A.G. | 6/7/11 | Face to Face Encounter |
| A.G. | 6/7/11 | Comprehensive Hospice Assessment |
| A.G. | 8/6/11 | Face to Face Encounter |
| M.H. | 5/9/11 | Face to Face Encounter |
| A.L. | 5/16/11 | Comprehensive Hospice Assessment |
| N.S. | 11/2/10 | Skilled Nurse Note |
| N.S. | 11/4/10 | Skilled Nurse Note |
| N.S. | 11/9/10 | Skilled Nurse Note |
| N.S. | 11/19/10 | Skilled Nurse Note |

| | | |
|---|---|---|
| N.S. | 11/26/10 | Skilled Nurse Note |
| N.S. | 12/6/10 | Skilled Nurse Note |
| N.S. | 6/21/11 | Face to Face Encounter |
| N.S. | 8/16/11 | Face to Face Encounter |
| P.S. | 2/4/11 | Comprehensive Hospice Assessment |
| P.S. | 2/16/11 | Skilled Nurse Note |
| P.S. | 2/22/11 | Skilled Nurse Note |
| P.S. | 6/7/11 | Comprehensive Hospice Assessment |

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-5

25. The Federal Grand Jury realleges and incorporates by reference paragraphs 1 through 11 and paragraphs 14 through 23 as though fully set forth herein.

26. On or about the dates listed below, in the Western District of Oklahoma and elsewhere,



------------------------------------- PAULA KLUDING,
PRAIRIE VIEW HOSPICE, INC., and
PATRICIA CARTER, -------------------------------------

with the intent to deceive and defraud the United States, endeavored to influence, obstruct, and impede a federal auditor in the performance of its official duties relating to **PRAIRIE VIEW HOSPICE**, an entity receiving in excess of $100,000 from the United States in a one-year period under a contract with the United States. Specifically,

KLUDING and CARTER, by and through **PRAIRIE VIEW HOSPICE**, submitted false, fictitious, and fraudulent documents in response to Palmetto's Medicare Medical Review, as follows:

| Count | Date Documents Provided to Palmetto | False Documents | Medicare Medical Review Period | Beneficiary Under Review |
|---|---|---|---|---|
| 2 | 6/6/11 | Comprehensive Hospice Assessment | April 2011 | J.M. |
| 3 | 2/2/12 | Hospice Recertification<br>Patient Information<br>Face to Face Encounter<br>Comprehensive Hospice Assessment<br>Functional Assessment Staging<br>Skilled Nurse Notes for 6/9/11<br>Skilled Nurse Notes for 6/24/11 | June 2011 | L.V. |
| 4 | 2/10/12 | Hospice Recertification<br>Physician Communication<br>Face to Face Encounter<br>Comprehensive Hospice Assessment<br>Functional Assessment Staging | May 2011 | V.G. |
| 5 | 2/20/12 | Patient Information<br>Face to Face Encounter<br>Skilled Nurse Notes for 7/1/11<br>Skilled Nurse Notes for 7/28/11 | July 2011 | V.G. |

All in violation of Title 18, United States Code, Section 1516, and Title 18, United States Code, Section 2.

## COUNTS 6-39

27. The Federal Grand Jury realleges and incorporates by reference paragraphs 1 through 11 and paragraphs 14 through 23 as though fully set forth herein.

28. On or about the dates listed below, in the Western District of Oklahoma and elsewhere,

---------------------------------------- PAULA KLUDING,
PRAIRIE VIEW HOSPICE, INC., and
PATRICIA CARTER, ----------------------------------------

knowingly and willfully made and used, and caused to be made and used, materially false writings and documents, specifically the health care documentation forms listed below, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the payment for health care benefits, items, and services by Medicare, a health care benefit program, as follows:

| Count | Date Document Submitted to Palmetto | Patient | Purported Date of Service | False Document |
|---|---|---|---|---|
| 6 | 6/6/11 | J.M. | 4/13/11 | Comprehensive Hospice Assessment |
| 7 | 8/24/11 | M.E. | 1/25/11 | Skilled Nurse Note |
| 8 | 11/3/11 | R.S. | 3/1/11 | Skilled Nurse Note |
| 9 | 11/3/11 | R.S. | 3/8/11 | Skilled Nurse Note |
| 10 | 11/3/11 | R.S. | 3/15/11 | Skilled Nurse Note |
| 11 | 11/3/11 | R.S. | 3/22/11 | Skilled Nurse Note |
| 12 | 11/3/11 | R.S. | 3/28/11 | Skilled Nurse Note |
| 13 | 11/3/11 | R.S. | 3/31/11 | Face to Face Encounter |
| 14 | 11/3/11 | R.S. | 3/31/11 | Comprehensive Hospice Assessment |
| 15 | 11/3/11 | R.S. | 3/31/11 | Functional Assessment Staging |
| 16 | 11/3/11 | R.T. | 2/17/11 | Patient Information |
| 17 | 11/3/11 | R.T. | 2/17/11 | Face to Face Encounter |
| 18 | 11/3/11 | R.T. | 3/1/11 | Skilled Nurse Note |
| 19 | 11/3/11 | R.T. | 3/18/11 | Skilled Nurse Note |
| 20 | 11/3/11 | R.T. | 3/21/11 | Skilled Nurse Note |
| 21 | 11/3/11 | R.T. | 3/28/11 | Skilled Nurse Note |
| 22 | 11/3/11 | R.T. | 4/14/11 | Comprehensive Hospice Assessment |
| 23 | 11/3/11 | R.T. | 4/14/11 | Functional Assessment Staging |
| 24 | 2/2/12 | L.V. | 4/6/11 | Hospice Recertification |
| 25 | 2/2/12 | L.V. | 5/31/11 | Patient Information |
| 26 | 2/2/12 | L.V. | 5/31/11 | Face to Face Encounter |
| 27 | 2/2/12 | L.V. | 5/31/11 | Comprehensive Hospice Assessment |
| 28 | 2/2/12 | L.V. | 5/31/11 | Functional Assessment Staging |
| 29 | 2/2/12 | L.V. | 6/9/11 | Skilled Nurse Notes |

| 30 | 2/2/12  | L.V. | 6/24/11 | Skilled Nurse Notes |
| 31 | 2/10/12 | V.G. | 4/15/11 | Physician Communication |
| 32 | 2/10/12 | V.G. | 4/15/11 | Face to Face Encounter |
| 33 | 2/10/12 | V.G. | 4/15/11 | Comprehensive Hospice Assessment |
| 34 | 2/10/12 | V.G. | 4/15/11 | Functional Assessment Staging |
| 35 | 2/10/12 | V.G. | 4/28/11 | Hospice Recertification |
| 36 | 2/20/12 | V.G  | 6/27/11 | Patient Information |
| 37 | 2/20/12 | V.G  | 6/27/11 | Face to Face Encounter |
| 38 | 2/20/12 | V.G  | 7/1/11  | Skilled Nurse Notes |
| 39 | 2/20/12 | V.G  | 7/28/11 | Skilled Nurse Notes |

All in violation of Title 18, United States Code, Section 1035, and Title 18, United States Code, Section 2.

## FORFEITURE

A.   The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

B.   Upon conviction under Title 18, United States Code, Section 371, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense. The property to be forfeited includes, but is not limited to a money judgment equal to the amount of proceeds obtained as a result of the offense; that amount to be determined by the Court.

C.   Upon conviction of any offenses in violation of Title 18, United States Code, Section 1035, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is

not limited to a money judgment equal to the amount of proceeds obtained as a result of the offenses; that amount to be determined by the Court.

        D.    If any of the property described above, as a result of any act or omission of the defendant (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(7), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

*[signature]*

FOREPERSON OF THE GRAND JURY

SANFORD C. COATS
United States Attorney

*[signature]*

AMANDA MAXFIELD GREEN
Assistant U.S. Attorney