# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| PATRICIA LEANN CARTER, ) | Case Number: CR-14-123-C |
| ) | |
| Defendant. ) | |

## MOTION TO SEVER DEFENDANTS

Patricia Carter, by and through counsel, Joseph L. Wells, and pursuant to Federal Rules of Criminal Procedures 8 and 14, moves this Court to for an Order severing her trial from that of her co-defendant, Paula Kluding.

**I.  Background Information**

The 39-count indictment charges Ms. Kluding and Ms. Carter with conspiring to commit the offenses of (Count 1) obstruction of a federal audit in violation of Title 18, United States Code, Section 1516, and making false statements related to health care matters, in violation of Title 18, United States Code, Section 1035; and (Counts 2-5) with intent to deceive and defraud the United States, endeavoring to influence, obstruct and impede a federal auditor in the performance of its official duties; and (Counts 6-39) knowingly and willfully making and used and causing to be made and used, materially false writings and documents in connection with the payment for health care benefits, items, and services. (ECF Doc. 1 at 1.)

## II. Argument

Ms. Carter would be prejudiced if severance is not granted. The Federal Rules of Criminal Procedure allow for the severance of defendants in the event of prejudicial joinder. Rule 14 provides:

> Relief from Prejudicial Joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Severance is appropriate where there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Evidence of a co-defendant's wrongdoing in some circumstance could lead a jury to erroneously conclude that a defendant was guilty. *Id.* The risk of prejudice is heightened when co-defendants are tried together and have markedly different degrees of culpability. *Id.*

Here, there are three reasons for a severance: (1) the likelihood that Ms. Carter will want to call Ms. Kluding as a witness, and (2) the likelihood that Ms. Carter will have an antagonistic defense to Ms. Kluding, and (3) the markedly different degrees of culpability between Ms. Carter and Ms. Kluding.

### A. The Need for A Co-Defendant as a Witness/Comments on Silence

Without revealing defense strategy, Ms. Carter informs the Court that the testimony of Ms. Kluding likely will be a key part of her defense. There is no way of knowing whether, at a joint trial, Ms. Kluding will choose to testify, choose to exercise her Fifth Amendment privilege not to testify, or be available as witnesses for Ms. Carter.

If Ms. Kluding does not testify at trial, in all likelihood Ms. Carter will comment on her failure to testify as well as the strength of the evidence against Ms. Kluding as compared to the evidence against Ms. Carter. As such, severance should be granted.

### B. Mutually Antagonistic Defenses

Again, without revealing defense strategy, Ms. Carter likely will seek to place blame on Ms. Kluding for the crimes with which she is charged. Mutually antagonistic defense occurs by the "effort of one defendant to shift the blame from himself to a co-defendant." The effect is that "the acceptance of one party's defense precludes the acquittal of the other defendant." *Zafiro*, 506 U.S. at 537 (citations omitted). A showing of prejudice is required for severance based upon mutually antagonistic defenses. Prejudice means "a serious risk that a joint trial would

compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

In *United States v. Mayfield*, the Ninth Circuit reversed the defendant's conviction for possession with intent to distribute crack because co-defendant's counsel was permitted to act as a second prosecutor. In essence, defendant's counsel was permitted to shift the blame from his client to the defendant through use of prejudicial inadmissible statements made by the co-defendant after his arrest. *Mayfield*, 189 F.3d 895, 902 (9th Cir. 1999). In *United States v. Breinig*, 70 F.3d 850 (6th Cir. 1995), the Sixth Circuit reversed the trial court's denial of the defendant's motion to sever based on mutually antagonistic defenses. The court held that a joint trial permitted evidence of the defendant's bad character to be admitted in the co-defendant's case that would not have been admissible against the defendant. As such, the court ruled that "the jury's consideration of categorically inadmissible evidence was manifestly prejudicial, and unfairly so." *Breinig*, 70 F.3d at 853.

Given the facts of the alleged crimes, it seems likely that Ms. Carter and Ms. Kluding will seek to blame each other for the crimes, thus creating mutually antagonistic defenses. As such, severance is appropriate on those grounds.

### C.   Markedly Different Degrees of Culpability

The discovery suggests there are markedly different degrees of culpability between Ms. Carter and Ms. Kluding.  The corporation which has now been dismissed out of the case was owned by Ms. Kluding.  Ms. Carter worked for the corporation owned by Ms. Kluding.  Ms. Kluding is the person that did the billings and medical reviews, and Ms. Kluding is the one that hired the main snitch, Anita Haggerman.

Of course none of the above even touch on the health problems (which have been the subject of two continuances) Ms. Carter has that could possibly impede the natural flow of a trial.

### III.   Conclusion

Therefore, it is requested that the Court grant Ms. Carter's motion for severance and sever her trial from that of Ms. Kluding.

Respectfully Submitted,

s/Joseph L. Wells
Joseph L. Wells, OBA #9470
Attorney for Defendant,
Patricia Leann Carter
3955 N. W. 23rd Street
Oklahoma City, Oklahoma 73107
Phone: 405-942-8800
Facsimile: 405-947-1937
Email: joewells@swbell.net

## Certificate of Service

  I hereby certify that on September 27, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Amanda Maxfield Green
Assistant United States Attorney

               *s/Joseph L. Wells*
               Joseph L. Wells, OBA #9470