IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-14-123-C |
| | ) | |
| PAULA KLUDING and | ) | |
| PATRICIA LEANN CARTER, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant is charged in a multi-count Indictment with conspiracy to defraud the United States, obstruction of a federal audit, and false statement relating to health care matters. The charges arise from allegedly improperly billing Medicare for hospice services. In preparation for trial, Defendant has filed a number of motions. These will be addressed herein. Defendant Kluding has been permitted to adopt all motions filed by her Co-Defendant (Dkt. No. 60), and the rulings announced apply to her, as well.

Defendant has filed a Motion for Bill of Particulars. Therein Defendant asserts she needs additional information to understand the charges against her. According to Defendant, Counts 6-39 of the Indictment allege Defendant and her Co-Defendant submitted false statements to obtain improper Medicare payments. Asserting the allegations of the Indictment are too broad, Defendant requests the Court order Plaintiff to provide information showing when the billing was alleged to have occurred, when it was allegedly paid by the government, how much was allegedly charged, and for what services the government was

allegedly billed. Plaintiff objects, arguing the allegations set forth in the Indictment are sufficient for Defendant to meet the charges against her.

Counts 6-39 charge Defendant with violation of 18 U.S.C. § 1035. Section 1035 makes it a crime to submit a false statement in connection with the delivery of or payment for health care benefits. Each of the Counts challenged by Defendant contains a statement of the date the document was submitted to Palmetto (Medicare's benefits administrator), the initials of the patient, the date of service, and the type of document alleged to be false. This information is sufficient to apprise Defendant of the charges against her. As Plaintiff notes, the additional information such as the amount billed, when the government paid, and the services allegedly rendered are not elements of the crime charged. Rather, Plaintiff must only demonstrate that a falsity was used in seeking delivery of or payment for health care benefits provided in a health care benefit program. See 18 U.S.C. § 1035. Therefore, a bill of particulars is not warranted. See United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996) ("'A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial.'") (quoting United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992)). Defendant's Motion for a Bill of Particulars will be denied.

Defendant requests an Order requiring Plaintiff to elect between multiplicious counts. Defendant argues that Counts 8-23, 24-30, 31-35 and 36-39 are multiplicious. According to Defendant, these Counts run afoul of Fed. R. Crim. P. 7(c)(1), as they are separately charged

Counts that are based on the same criminal behavior. Plaintiff objects, arguing that under Tenth Circuit law the Counts are not multiplicious.

In Counts 8-39 Defendant is charged with violation of 18 U.S.C. § 1035(a)(2) which states in pertinent part:

> Whoever, in any matter involving a health care benefit program, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

In <u>United States v. Bettenhausen</u>, 499 F.2d 1223 (10th Cir. 1974), the Tenth Circuit considered whether four false documents submitted in support of a single tax return was multiplicious or four distinct crimes. The Circuit held the statute charged (18 U.S.C. § 1001) used singular terms ("any false writing or document"), therefore each individual false document was a separate crime. <u>Id.</u> at 1234. As can be seen above, the statute relevant here also speaks in the singular. Thus, every false statement, representation, writing, or document submitted constitutes a separate crime. Defendant's Motion to Require the Government to Elect Between Multiplicious Counts will be denied.

Defendant Carter requests the Court exclude the documents seized by the FBI during its search of the offices of Prairie View Hospice. According to Defendant, there are chain of custody issues with the documents. Defendant asserts that after seizing the documents, the FBI took them to be copied but kept no records regarding the number of documents delivered to the printer or the number of documents returned from the printer. In response,

3

Plaintiff submits an affidavit from FBI Agent Benjamin G. Matney. Agent Matney avers that the documents seized from the hospice offices were not sent to a third party but were copied by FBI employees. In light of Agent Matney's affidavit, the premise of Defendant's Motion lacks support. Consequently, the Court will deny the motion. To the extent Defendant has a specific challenge to any document at trial, an appropriate objection may be made.

Defendant requests the issue of the amount of any forfeiture, including if and where the property is and who is in possession of the property, be decided by the jury. Defendant recognizes that the Supreme Court held in Libretti v. United States, 516 U.S. 29 (1995), that there is no right to a jury verdict in a criminal forfeiture proceeding. However, Defendant asserts that the recent cases of Alleyne v. United States, — U.S. —, 133 S.Ct. 2151 (2013), and Southern Union Co. v. United States, — U.S. —, 132 S.Ct. 2344 (2012), cast doubt on that precedent, as they make clear a jury finding is required before imposing a mandatory sentencing penalty. In response, Plaintiff notes that Libretti has not been overruled and remains controlling. Plaintiff also notes the Eighth Circuit in United States v. Sigillito, 759 F.3d 913, 933-36 (8th Cir. 2014), recently considered and rejected the very challenge raised by Defendant.

The Court finds the reasoning of the Sigillito Court persuasive in holding that Libretti is still good law. The Sigillito Court noted that the Fourth, Fifth, Ninth, and Eleventh Circuits have reached the same conclusion – that the later cases do not alter the holding of Libretti. Defendant's Motion will be denied.

Defendant requests the Court dismiss the charges against her. In support of this request, Defendant notes that all money paid by the government was paid to the corporation. According to Defendant, because the charges against the corporation have been dropped, there is no nexus to the money received. The sole legal authority offered by Defendant is the statement "Amendment XIV to the Constitution of these United States." Dkt. No. 31, p 1.

In the absence of any legal argument to support her request, the Court will deny Defendant's Motion. Indeed, as Plaintiff notes, the 14th Amendment cited by Defendant is not applicable in this case as it applies to states, not the federal government. Further, the elements of the crimes for which Defendant is charged do not require receipt of federal funds.

Defendant requests the Court prohibit Plaintiff from using files confiscated from the hospice because the charges against that entity have been dismissed. Defendant argues that because the files belong to the corporation, they cannot be used against Defendant without the corporation's permission. As authority for her argument Defendant states: "Amendment XIV and V of the Constitution of the United States." Dkt. No. 32, p 1.

Once again, Defendant has failed to offer any legal authority to support her request. As Plaintiff notes, Defendant has made no effort to demonstrate the documents were improperly obtained by Plaintiff. Further, Defendant offers no authority demonstrating she has standing to protest the use of the corporation's documents. In the absence of any legal authority to support it, Defendant's request for dismissal will be denied.

5

Defendant requests that Plaintiff provide notice of its intent to offer evidence of other crimes, wrongs, or bad acts allegedly committed by her as required by Fed. R. Evid. 404(b). In response, Plaintiff asserts it does not intend to offer any evidence within the scope of Rule 404(b), and in the event that fact changes, it will provide notice as required by Rule 404(b).

Considering Plaintiff's response, the Court finds Defendant's Motion should be denied as moot.

Defendant requests the Court sever her trial from that of Co-Defendant Paula Kluding. According to Defendant, her case should be severed for three reasons: (1) she is likely to call Ms. Kluding as a witness; (2) she has a defense that is antagonistic to Ms. Kluding; and/or (3) there are markedly different degrees of culpability between the two Defendants.

Although Defendant mentions Fed. R. Crim. P. 8, she does not argue that the joinder of the Defendants was improper. Upon consideration of the charges made, it is clear that joinder of the two Defendants is proper. Rule 8(b) allows the government to charge two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Thus, Defendant must satisfy the requirements of Fed. R. Crim. P. 14 to obtain severance. In seeking severance under Rule 14, Defendant has a "heavy burden of demonstrating prejudice to [her] case." United States v. Wacker, 72 F.3d 1453, 1468 (10th Cir. 1995). The Circuit has also noted that the "burden is heavy for the defendant to bear as he must show more than a better chance of acquittal or a hypothesis of prejudice, he must, in fact, show real prejudice." United States v. Youngpeter, 986 F.2d 349, 353 (10th Cir.

1993) (internal citation omitted). Here, none of the reasons offered by Defendant in support of severance are sufficient to meet her burden.

As for the first, the desire to call Ms. Kluding as a witness, Plaintiff correctly notes that the same obstacles to calling Ms. Kluding as a witness in a joint trial exist if the trials are severed. Ms. Kluding is just as likely to invoke her rights in a separate trial. Thus, Defendant has failed to demonstrate that denial of severance would cause real prejudice. The second argument raises the existence of mutually antagonistic defenses. In explaining the nature of this argument, the Tenth Circuit stated: "The defenses truly must be mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other." United States v. Dirden, 38 F.3d 1131, 1141 (10th Cir. 1994). Defendant's arguments on this issue do not demonstrate the theories of the two Defendants are mutually antagonistic. Finally, as for Defendant's assertion that she is less culpable than Ms. Kluding, this argument fails for lack of evidence. Defendant merely asserts that she was in a different position in terms of the corporation and the review of the medical records. Even if these facts were sufficient to show that Defendant has less culpability than Ms. Kluding, the Tenth Circuit has held that more is required for severance. See Youngpeter, 986 F.2d at 353 ("The mere fact that one co-defendant is less culpable than the remaining co-defendants is not alone sufficient grounds to [warrant] severance."). Defendant's Motion for Severance will be denied.

As set forth more fully herein, Defendant's Motion for Bill of Particulars (Dkt. No. 25); Motion to Require the Government to Elect Between Multiplicious Counts (Dkt. No.

26); Motion to Exclude Evidence (Dkt. No. 28); Motion to Require Jury to Determine Forfeiture (Dkt. No. 29); Motion to Dismiss (Dkt. No. 31); Motion to Dismiss (Dkt. No. 32); Motion for Notice by the Government of Its Intention to Rely upon 404(b) Evidence (Dkt. No. 33); and Motion to Sever Defendants (Dkt. No. 34) are DENIED, as to both Defendants.

IT IS SO ORDERED this 15th day of October, 2014.

ROBIN J. CAUTHRON
United States District Judge