IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
        vs.                         )          No. CR-14-123-1-C
                                    )
PAULA KLUDING,                      )
                                    )
                    Defendant.      )

## MEMORANDUM OPINION AND ORDER

Following a jury trial, Defendant was convicted on 39 Counts, including

Conspiracy to Defraud the United States, Obstruction of Federal Audit, Aiding and

Abetting, and False Statements Relating to Health Care Matters, in violation of Title 18,

United States Code, Sections 2, 371, 1516, and 1035. On January 14, 2015, the Court

entered a Preliminary Order of Forfeiture in the amount of $2,519,813.33. In the final

Judgment, the Court ordered that any right, title or interest in property listed in the

Preliminary Order was forfeited. On December 13, 2019, Plaintiff sought an Order of

Forfeiture of Substitute Property. An Order was entered on January 13, 2020, granting

that request. On January 22, 2020, Defendant, appearing through her attorney, filed a

Motion seeking to vacate the January 13, 2020, Order. In that Motion, Defendant argued

that she was never properly served the December Motion. On January 24, 2020, Plaintiff

filed an Amended Motion for Forfeiture of Substitute Property. Defendant has now filed

a Motion for Hearing and Discovery on the issue of forfeiting substitute property.

Defendant's arguments regarding the failure of proper notice in her Motion to Vacate are resolved by virtue of the filing of the Amended Motion. The Court's holds that filing the Amended Motion served to vacate the January 13, 2020, Order. Thus, Defendant's request to vacate that Order is moot.

Defendant's request for discovery and evidentiary hearing raises issues that are immaterial to the matter before the Court. Defendant argues that she owned the property now sought to be forfeited well before the Preliminary Order of Forfeiture was entered and therefore the property cannot be fairly considered substitute property. Defendant's argument misapplies the issue of substitute property. As Plaintiff notes, Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(p)(1) govern the issue. Rule 32.2(e)(1)(B) permits Plaintiff to obtain an Order of Forfeiture on substitute property that qualifies for forfeiture under an applicable statute. Here, that statute is 21 U.S.C. § 853(p)(1). Paragraph 1 sets out when property may be substituted. Under the operative facts, as made clear in the affidavit provided by Plaintiff, at the time the Preliminary Order of Forfeiture was entered, specific property traceable to the criminal acts of Defendant could not be located. That is, Plaintiff could not say that Defendant had in her possession any property which she obtained directly from the proceeds of her criminal actions. Indeed, as the affidavit provided by Plaintiff explains, the investigation determined that most of the proceeds of Defendant's criminal activity went to purchase goods and services that were unrecoverable. Consequently, nothing could be directly forfeited, and the Preliminary

Order of Forfeiture was a general money judgment.  See also United States v. Bornfield, 145 F.3d 1123, 1139 (10th Cir. 1998):

> An asset cannot logically be both forfeitable and a substitute asset.  To allow such an anomaly would render the substitute assets provision meaningless.  Assets involved in or traceable to the offense are forfeitable once the requisite nexus is established.  *See* 18 U.S.C. § 982(a).  The substitute assets provision allows the forfeiture of other assets not already forfeitable when the forfeitable asset is unavailable due to some act or omission of the defendant.

Paragraph 2 of § 851(p) provides that in the event property directly traceable to the crime cannot be located, Plaintiff may obtain forfeiture of any other property of the Defendant up to the value of the prior Order of Forfeiture.  That is what the current request for substitute property seeks.  Plaintiff has determined that Defendant has an ownership interest in the real property listed in the Amended Motion for Forfeiture of Substitute Property and Plaintiff now seeks to enforce its judgment against that property.  The fact that the Defendant owned the property now sought to be substituted prior to entry of the original forfeiture does not matter.  Consequently, the discovery sought by Defendant has no bearing on the issue to be decided by the Court.  Defendant's Motion for evidentiary hearing and discovery will be denied.

Defendant's motion for evidentiary hearing also requests an extension of time to address matters raised in Plaintiff's Motion.  Plaintiff objects, arguing that Defendant has set forth the basis of her objection in the pleadings addressed herein.  Defendant offers no suggestion or example of the argument she will raise if given additional time.  Rather, it appears that Defendant seeks the additional time to incorporate information learned

3

through the requested discovery. Because no discovery will be permitted, the Court finds additional time is unwarranted.

As set forth more fully herein, Defendant's Motion to Vacate Order of Forfeiture of Substitute Property (Dkt. No. 151) is MOOT. As a result of Plaintiff's Amended Motion, the Court's Order of Forfeiture of Substitute Property (Dkt. No. 149) is VACATED. Defendant's Motion for Evidentiary Hearing, Discovery and Extension of Time to Respond (Dkt. No. 158) is DENIED.

IT IS SO ORDERED this 2nd day of March, 2020.

ROBIN J. CAUTHRON
United States District Judge