# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. CR-14-123-C |
| ) | |
| PAULA KLUDING, ) | |
| ) | |
| Defendant. ) | |

## AMENDED ORDER OF FORFEITURE
## OF SUBSTITUTE PROPERTY

The United States, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, and Title 21, United States Code, Section 853(p), has moved to substitute property of defendant to satisfy, in part, the money judgment entered against the defendant. [Doc. 104]. Having reviewed the United States' motion and attached exhibits, the Court finds as follows.

On January 14, 2015, the Court entered a preliminary order of forfeiture in the nature of a money judgment in favor of the United States in the amount of $2,519,813.33, which represented the value of the proceeds of the offense for which the defendant was convicted.

The money judgment, however, has not been satisfied. The Court finds that, because of the acts or omissions of the defendant, the proceeds of the offense are no longer available for forfeiture for one or more of the reasons set forth in Title 21, United States Code, Section 853(p).

As a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), the United States is entitled to an order forfeiting other property of the defendant as a substitute for the unavailable property ordered forfeited. Accordingly, it is hereby ORDERED that all right, title and interest of Defendant Paula Kluding in the real property located at 335742 E Highway 62, McCloud, Oklahoma, 74851; Parcel No. 0000-18-12N-03E-4-002-00, the real property located at E Highway 62, McLoud, Oklahoma, 74851; Parcel No. 0000-18-12N-03E-3-001-00, the real property located at E Highway 62, McLoud, Oklahoma, 74851; Parcel No. 0000-18-12N-03E-4-001-00, and the real property located at W Highway 62, McLoud, Oklahoma, 74851; Parcel No. 9295-00-000-001-0-000-00, are hereby forfeited to the United States.

It is further ORDERED that the United States Marshal shall seize and retain the property ordered forfeited hereunder and shall take any other steps deemed warranted to preserve its availability for forfeiture pending the conclusion of any third-party proceedings which may be conducted in this matter pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n).

The United States shall, promptly after the seizure of said property, initiate proceedings necessary to protect any third-party interests in the substitute property, pursuant to and in accordance with Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n), prior to requesting entry of a final order of forfeiture with respect thereto.

Pursuant to 21 U.S.C. § 853(n), the United States shall publish or post notice of this Order and notice of the intent to dispose of the property in such manner as the Attorney

General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order as a substitute for published notice as to those persons so notified.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

Any hearing on a petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The Court may consolidate the hearing on a petition with any other hearings requested on any other petitions filed by any person other than the defendant named above. Petitioners have a right at the hearing to testify and present evidence and witnesses on their own behalf and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross- examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the Court shall consider the relevant portions of the record of the criminal case.

If, after the hearing, the Court determines that a petitioner has established by a preponderance of the evidence that: (a) the petitioner has a legal right, title or interest in

the property, and such right, title or interest renders this Order invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property; or (b) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture; the Court shall amend this order in accordance with its determination.

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) in which all interests will be addressed. If no claims are filed within thirty days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to Title 21, United States Code, Section 853(n)(7), the United States will move for a final order of forfeiture, and the United States Marshal shall dispose of the property forfeited according to law.

DATED this 2nd day of April, 2020.

_____
ROBIN J. CAUTHRON
United States District Judge