IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-14-123-1-C |
| ) | |
| PAULA KLUDING, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Following a jury trial, Defendant was convicted on 39 Counts, including Conspiracy to Defraud the United States, Obstruction of Federal Audit, Aiding and Abetting, and False Statements Relating to Health Care Matters, in violation of Title 18, United States Code, Sections 2, 371, 1516, and 1035. On January 14, 2015, the Court entered a Preliminary Order of Forfeiture in the amount of $2,519,813.33. In the final Judgment, the Court ordered that any right, title, or interest in property listed in the Preliminary Order was forfeited. On December 13, 2019, Plaintiff sought an Order of Forfeiture of Substitute Property. An Order was entered on January 13, 2020, granting that request. On January 22, 2020, Defendant, appearing through her attorney, filed a Motion seeking to vacate the January 13, 2020, Order. In that Motion, Defendant argued that she was never properly served the December Motion. On January 24, 2020, Plaintiff filed an Amended Motion for Forfeiture of Substitute Property. The Amended Motion for Forfeiture of Substitute Property identified four pieces of property Plaintiff sought to forfeit to partially satisfy the outstanding forfeiture money judgment. On April 2, 2020, the Court entered an Amended

Order of Forfeiture of Substitute Property.  That Order forfeited all right, title, and interest of Defendant Paula Kluding in the real property located at 335742 E Highway 62, McCloud, Oklahoma, 74851; Parcel No. 0000-18-12N-03E-4-002-00, the real property located at E Highway 62, McLoud, Oklahoma, 74851; Parcel No. 0000-18-12N-03E-3-001-00, the real property located at E Highway 62, McLoud, Oklahoma, 74851; Parcel No. 0000-18-12N-03E-4-001-00, and the real property located at W Highway 62, McLoud, Oklahoma, 74851; Parcel No. 9295-00-000-001-0-000-00.  On May 6, 2020, Petitioners Kaitlyn Alyssa Chambers[1] and Dylan Chambers and Petitioner Christopher Kluding[2] filed Petitions for Hearing to Adjudicate Third-Party Interests and Rights in Forfeited Property.  In their Petitions, Petitioners claimed ownership interests in the forfeited property.[3]  Plaintiff has now filed Motions to Dismiss arguing Petitioners lack standing and/or have failed to state a claim for relief.

The present Motions are governed by Fed. R. Crim. P. 32.2(c)(1)(A) which states a petition may be dismissed for "lack of standing, for failure to state a claim, or for any other lawful reason."  A motion to dismiss a petition in a forfeiture proceeding should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b).  Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004.)  Thus, the allegations made by

---

[1] Kaitlyn is the daughter of Defendant.  Dylan is Kaitlyn's husband.  Hereinafter, they will be referred to as daughter or son-in-law.
[2] Christopher Kluding is Defendant's husband.  They married on August 12, 2000.  Hereinafter, he will be referred to as Husband.
[3] Petitioners Kaitlyn and Dylan Chambers claim an interest in three of the four pieces of property.  Petitioner Christopher claims an interest in all four pieces of property.  For purposes of this Order it is unnecessary to address the specific ownership interests.

Petitioners will be presumed true and dismissal is appropriate only if no relief could be granted under any set of facts that could be proven consistent with those allegations. Id. (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)). Each Petitioners' claim to interest in the forfeited property arises from transfers made to each from the Paula Kluding Revocable Trust ("Trust").[4] Husband and Defendant acquired the property between September 2005 and December 2006. According to Husband the property was marital property with both he and Defendant contributing to its purchase and maintenance.[5] On January 19, 2010, the property was placed into the Trust. Petitioners argue the property transfers into the Trust occurred prior to the commission of any crimes by Defendant. According to Petitioners, the Trust was created for the purpose of probate avoidance. Thus, Petitioners argue, their ownership interest is superior to that of Plaintiff.

**SUBSTITUTE PROPERTY**

In their Responses, Petitioners renew their argument that the property at issue is not proper substitute property under 21 U.S.C. § 853(p). The Court has previously considered and rejected these arguments. See Dkt. No. 161. The present Motions provide no information or argument not previously considered and rejected by the Court. Thus, Petitioners' argument that the property is not proper substitute property is rejected.

---

[4] Because the Trust is central to the claims of Petitioners and no party has disputed the authenticity of the copy presented to the Court, the Trust may be reviewed and considered by the Court without converting the present Motions to Motions for Summary Judgment. See GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] In his Petition, Husband claims a "marital share" of the equity increase since the government's claims vested. In its Motion to Dismiss, Plaintiff notes Husband's claim. Neither party further develops the issue.

**STANDING**

Plaintiff asserts that because Petitioners obtained their interest in the property via transfers from the trust and the trust is revocable, their interest in the property is contingent and they lack standing to challenge the forfeiture. Petitioners' right to bring the present claims arises from 21 U.S.C. § 853(n)(2) and/or Fed. R. Crim. P. 32.2(c)(1). Section 853(n)(2) states in pertinent part:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

Rule 32.2(c)(1) requires the Court to hold an ancillary proceeding if a third party asserts an interest in the property. Under either the statute or the Rule, the third party "'must first demonstrate [a legal] interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture.'" United States v. Timley, 507 F.3d 1125, 1129 (8th Cir. 2007) (quoting United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency, 661 F.2d 319, 326 (5th Cir. 1981) (superseded by statute on other grounds)). The burden of proving a legal interest in the property rests with Petitioners. See United States v. Salti, 579 F.3d 656, 667 n.11 (6th Cir. 2009). Whether or not Petitioners have a valid legal interest in the property is determined by Oklahoma law. See United States v. Totaro, 345 F.3d 989, 998 (8th Cir. 2003). As Plaintiff notes, under Oklahoma law, a beneficiary of a revocable trust has only a contingent interest until the death of the Settlor or Trustmaker. Under our facts, because the Trust is revocable,

4

Petitioners' interest remains contingent until the death of Defendant. The clear language of the Trust vests the power to "control and direct payments, add or remove trust property, and amend or revoke this trust." Dkt. No. 171, Ex. 1, p. 15. Thus, the property held in the Trust is held solely by Defendant as Trustee and any interest Petitioners have in the property is contingent upon the death of Defendant. In United States v. Real Prop. Known as 7208 E. 65th Place, No. 15-CV-324-GKF-TLW, 2016 WL 3976387 (N.D. Okla. July 21, 2016), the court considered the effect of a revocable trust on certain property. Quoting two treatises on trust law, the court held the property was in essence the property of the trustee.

> Assets held by revocable trusts like the Trust are treated as the property of the settlor. See Restatement (Third) of Trusts, § 25(2) ("the property of [a living] trust is ordinarily treated as though it were owned by the settlor"); The Law of Trusts and Trustees § 1061 ("[w]hen the settlor is the trustee, then he/she will have the same control over his/her assets in the same manner *as if the trust did not exist*.").

Id. at *1 (emphasis original). Thus, Petitioners have no vested legal interest in the property and therefore lack standing to challenge the forfeiture.

Husband adds an additional argument – he claims that he retains an interest in the property by virtue of his marriage to Defendant. Husband argues that prior to the transfer to the Trust, the property was marital property and the transfer cannot alter the status of the property. The error in Husband's argument is made clear in Limb v. Aldridge, 1999 OK CIV APP 31, 978 P.2d 365. In Limb, husband executed a revocable trust for the purposes of avoiding probate expense. Husband and wife conveyed certain property to the trust via

5

quitclaim deed.  After husband's death wife claimed a marital interest in the property.  The Oklahoma Court of Civil Appeals rejected the claim, noting that the conveyance to the trust "conveyed whatever interest she had in the property." Id. at ¶ 9, 368.  For the same reason, any interest Husband had in the property was terminated when he conveyed his interest to the Trust.

As set forth more fully herein, Petitioners lack standing to challenge the forfeiture of the property described herein.  Accordingly, United States' Motion to Dismiss Petition Filed by Christopher Kluding (Dkt. No. 171) and United States' Motion to Dismiss Petition Filed by Kaitlyn Alyssa Chambers and Dylan Chambers (Dkt. No. 172) are GRANTED.  The Petition for Hearing to Adjudicate Third-Party Interests and Rights in Forfeited Property (Dkt. No. 163) and the Petition for Hearing to Adjudicate Third-Party Interests and Rights in Forfeited Property (Dkt. No. 164) are DENIED.  Plaintiff shall present any final Order necessary consistent with this Order.

IT IS SO ORDERED this 6th day of October, 2020.

ROBIN J. CAUTHRON
United States District Judge